UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY WESTBROOK,

       Plaintiff,                     Hon. Ellen S. Carmody

v.

                                  Case No. 1:16-cv-53

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION**

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 9).

       Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 48 years of age on his alleged disability onset date. (PageID.297). He successfully completed high school and previously worked as a car assembler and cleaner. (PageID.49-50). Plaintiff applied for benefits on February 17, 2011, alleging that he had been disabled since August 21, 2009, due to herniated discs in his lower back and HIV. (PageID.297-305, 367). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.188).

On June 27, 2012, Plaintiff appeared before ALJ Lawrence Blatnik with testimony being offered by Plaintiff and a vocational expert. (PageID.92-137). In a written decision dated September 19, 2012, the ALJ issued a partially-favorable decision. (PageID.188-200). Specifically, the ALJ concluded that Plaintiff was disabled as of June 6, 2011, but not prior thereto. (PageID.188-200). Because Plaintiff's insured status expired on March 31, 2010, the effect of this decision was to deny Plaintiff's request for DIB benefits while granting his request for SSI benefits. (PageID.199-200). Plaintiff appealed the matter to the Appeal Council which vacated ALJ Blatnik's opinion, "including the part favorable to [Plaintiff]," and remanded the matter to the ALJ with instructions to address several analytical shortcomings. (PageID.206-08).

On June 3, 2014, ALJ Blatnik conducted a second evidentiary hearing at which Plaintiff and a vocational expert testified. (PageID.57-91). On August 27, 2014, the ALJ issued a

decision finding that Plaintiff was not disabled. (PageID.38-51). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.25-30). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2010. (PageID.191). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative disc disease of the lumbar spine; (2) human immunodeficiency virus (HIV) postive; (3) headaches; (4) high blood pressure; (5) obesity; (6) depression; (7) anxiety and panic disorders; and (8) a history of substance abuse, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.41-45).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) he can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, he can sit, stand, and walk for 6 hours each, but must have the option to change position every 30-45 minutes; (3) he can never climb ladders, ropes, or scaffolds; (4) he can occasionally squat, crawl,

kneel, crouch, stoop, balance, and climb ramps/stairs; (5) he can occasionally bend, twist, and turn at the waist; (6) he must avoid concentrated exposure to extreme heat, cold, and humidity; (7) he can never use air, pneumatic, power, torque, or vibratory tools; (8) he is able to understand, remember, and carry out only short simple instructions; and (9) he is limited to simple, unskilled work with an SVP rating of 1 or 2.[2]  (PageID.45-46).

   The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert.

   The vocational expert testified that there existed approximately 162,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations

---

[2] SVP ratings measure the "amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* Dictionary of Occupational Titles, Appendix C, available at http://www.occupationalinfo.org/appendxc_1.html (last visited on December 8, 2016).  A job with an SVP rating of 1 corresponds to a job that a typical worker can perform after a "short demonstration only."  A job with an SVP rating of two corresponds to a job that a typical worker can perform after "anything beyond short demonstration up to and including 1 month." *Id.*

notwithstanding. (PageID.82-90). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

Plaintiff first argues that he is entitled to relief because the Appeals Council improperly vacated the favorable component of ALJ Blatnik's initial, partially-favorable, decision. However, neither ALJ Blatnik's initial decision nor the decision by the Appeals Council to vacate such are reviewable by this Court. Instead, the Court's authority is limited to assessing whether the Commissioner's *final decision* denying benefits is supported by substantial evidence. *See* 42 U.S.C. § 405(g) (expressly limiting judicial review to "any final decision of the Commissioner of Social Security"); *Bowens v. Barnhart*, 101 Fed. Appx. 93, 94 (6th Cir., June 11, 2004) (the jurisdiction of the federal courts extends only to the review of "final decisions of the Commissioner").

Plaintiff's argument that it was somehow unfair for the Appeals Council to vacate, in its entirety, the ALJ's initial decision is likewise rejected. As part of ALJ Blatnik's initial decision, Plaintiff was informed that he had the right to appeal the matter to the Appeals Council. (PageID.184-85). Plaintiff was also expressly informed that if he chose to appeal the matter, the Appeals Council "will consider all of my decision, even the parts with which you agree. Review can make any part of my decision more or less favorable or unfavorable to you." (PageID.185). Plaintiff was further informed that "The Appeals Council may: [1] Deny your appeal, [2] Return your case to me or another administrative law judge for a new decision, [3] Issue its own decision, or [4] Dismiss your case." (PageID.185). Plaintiff was clearly and expressly informed of the potential pitfalls of seeking review by the Appeals Council. Plaintiff has identified no authority

suggesting that the Appeals Council was not permitted on review to vacate an ALJ's decision which it found lacked sufficient evidentiary and/or analytical support.

Finally, Plaintiff argues that the ALJ erred by failing, in his second decision, to afford the same weight and significance to the opinions expressed by Dr. Sajid Hussain and Lynn Lupini, Ph.D. as he did in his initial decision. This argument gets to the heart of why the Appeals Council vacated the ALJ's initial decision.

In his initial decision, the ALJ placed great weight on opinions expressed by Dr. Hussain and Dr. Lupini. (PageID.196-97). The Appeals Council, citing evidence and opinion which contradicted these doctors' opinions, remanded the matter to the ALJ for "[f]urther evaluation of the medical opinion evidence." (PageID.206-07). In his subsequent decision, the ALJ afforded limited weight to the opinions expressed by Dr. Hussain and Dr. Lupini. (PageID.47-49). This determination is supported by substantial evidence.

Dr. Lupini met with Plaintiff on only one occasion, June 6, 2011. (PageID.580-85). The doctor diagnosed Plaintiff with Panic Disorder and Major Depressive Disorder and reported his GAF score as 31.[3] (PageID.584). The suggestion that Plaintiff suffers from disabling level emotional impairments, however, is contrary to the results of Dr. Lupini's own examination which revealed no such impairments or limitations. (PageID.580-85). Moreover, Plaintiff's therapy treatment notes, both prior to and subsequent to his meeting with Dr. Lupini, do not support the argument that Plaintiff's emotional impairments limit him to an extent beyond that recognized by

---

[3] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 2000) (hereinafter DSM-IV). A GAF score of 31 indicates that the individual is experiencing "some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." DSM-IV at 34.

the ALJ. (PageID.531-72, 607-638, 670-76, 762-861, 881-86). These treatment notes, covering the time period from August 2008 through May 2014, indicate that while Plaintiff was experiencing depression and anxiety his ability to function was not inconsistent with the ALJ's RFC assessment. Plaintiff's therapy treatment notes instead confirm Dr. Lupini's observation that "medication would probably help [Plaintiff] manage symptoms of depression and anxiety." Moreover, there is no opinion reflected in these treatment notes which contradicts the ALJ's RFC finding.

        As for Dr. Hussain's opinion, the ALJ correctly afforded such limited weight. In his initial decision, the ALJ afforded "controlling weight" to Dr. Hussain's opinion on the ground that Dr. Hussain was Plaintiff's treating psychiatrist. (PageID.197). As the doctor subsequently acknowledged, however, he only met with Plaintiff on a single occasion. (PageID.894). As such, it was error for the ALJ to initially afford treating physician status to Dr. Hussain. *See Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006); *Miller v. Commissioner of Social Security*, 811 F.3d 825, 836 n.7 (6th Cir. 2016). Also, there is no indication in the record that Dr. Hussain actually identified any specific functional limitations for Plaintiff, but instead merely concluded that Plaintiff was "not able to work." (PageID.893-94). To the extent, however, that the doctor opined that Plaintiff is "not able to work," such is entitled to no deference as such is a matter reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). As discussed above, the record simply fails to support the argument that Plaintiff is unable to work or is impaired to an extent greater than that recognized by the ALJ in his RFC determination. In sum, the ALJ's assessment of the opinions expressed by Dr. Hussain and Dr. Lupini is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  December 29, 2016                                  /s/ Ellen S. Carmody
                                                                              ELLEN S. CARMODY
                                                                              United States Magistrate Judge